UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAKHI BHANSALI,<br><br>         Appellant,<br><br>-against-<br><br>RICHARD LEVIN, Chapter 11 Trustee of Firestar Diamond, Inc., Fantasy, Inc., and Old AJ, Inc. f/k/a A. Jaffe, Inc.,<br><br>         Appellee. | 24-cv-7936 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  Rakhi Bhansali moves for leave to appeal a Bankruptcy Court order entered in an adversary proceeding against her husband. Dkt. 3. The order granted in part the trustee's motion to compel the production of documents from Bhansali. Dkt. 4 at 5. Bhansali says that the order permits a "grossly improper fishing expedition" and compels discovery beyond the limits of section 6220 of the New York Civil Practice Law and Rules. Dkt. 4 at 10, 13.

  In deciding whether to grant leave to appeal an interlocutory bankruptcy order under 28 U.S.C. § 158(a)(3), district courts apply "the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)." *In re Ditech Holding Corp.*, 2021 WL 4267691, at *1 (S.D.N.Y. Sept. 20, 2021) (citation omitted). So leave to appeal is appropriately granted when the bankruptcy order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

  Bhansali fails to show that such "exceptional circumstances" exist here. *Osuji v. U.S. Bank*, 285 F. Supp. 3d 554, 558 (E.D.N.Y. 2018) (citation omitted). She does not identify a pure question of law raised by the appeal, let alone one over which there is substantial ground for difference of opinion. *See In re Citigroup Pension Plan Erisa Litig.*, 2007 1074912, at *2 (S.D.N.Y. Apr. 4, 2007) ("A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." (citation omitted)). Nor does she show that allowing an appeal would "promise[] to advance the time for trial or . . . shorten the time required for trial." *Osuji*, 285 F. Supp. 3d at 558. Bhansali simply wants this Court to revisit a highly factbound discovery ruling made by the Bankruptcy Court on a motion to compel. Bhansali cites no case or authority permitting an interlocutory appeal under these circumstances, and she did not file a reply in order to contest the trustee's arguments or provide any authorities on point.

Accordingly, Bhansali's motion for leave to appeal is denied. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 3 and close this case.

SO ORDERED.

Dated: November 6, 2024
New York, New York

					_____
					ARUN SUBRAMANIAN
					United States District Judge